UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**19-14035-CR-ROSENBERG/MAYNARD**

CASE NO. _____

8 U.S.C. § 1324(a)(1)(A)(v)(I)
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 982(a)(6)
8 U.S.C. § 1324(b)(1)

UNITED STATES OF AMERICA

v.

TENTLOGIX, INC.,
a Florida corporation,
GARY HENDRY,
DENNIS BIRDSALL, and
KENT HUGHES.

Defendants.
_____/

FILED by __LH__ D.C.

Jul 11, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – FT. PIERCE

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. **TENTLOGIX, INC. ("TENTLOGIX")** was a Florida corporation established in 1996. **TENTLOGIX** provided event-related services, including the rental and installation of tents and other temporary structures, for private and corporate gatherings throughout the continental United States. **TENTLOGIX** was headquartered in Fort Pierce, Florida, and employed hundreds of workers, many of whom were manual laborers.

2. In 2016, **TENTLOGIX** generated more than $21,000,000 in gross receipts and $10,000,000 in gross profit from its business operations.

3.     In 2017, **TENTLOGIX** generated more than $36,000,000 in gross receipts and $14,000,000 in gross profit from its business operations.

4.     **GARY HENDRY ("HENDRY")** was a resident of Martin County, Florida, and the chief executive officer and majority owner of **TENTLOGIX**.

5.     **DENNIS BIRDSALL ("BIRDSALL")** was a resident of Martin County, Florida, and the president of **TENTLOGIX**.

6.     GMC, a person known to the Grand Jury, was a resident of Martin County, Florida, and supervisor at **TENTLOGIX**.  GMC supervised the bulk of **TENTLOGIX's** workforce.

7.     KH Services, LLC ("KH Services") was a Florida limited liability company established in March 2017.  KH Services was formed for the purpose of concealing, harboring, and shielding aliens employed by **TENTLOGIX** from detection by law enforcement.  KH Services was headquartered in Martin County, Florida.

8.     **KENT HUGHES ("HUGHES")** was a resident of Martin County, Florida, and the sole member and manager of KH Services.  **HUGHES** operated KH Services out of his residence in Martin County, Florida.

## HOMELAND SECURITY INVESTIGATIONS AUDIT

9.     Homeland Security Investigations ("HSI") is an investigative arm of the Department of Homeland Security, which is within the executive branch of the Government of the United States.  HSI is responsible for investigating certain immigration crimes, including the employment of aliens who are not authorized to work in the United States.

10.     On April 11, 2016, HSI served **TENTLOGIX** with a Notice of Inspection.  A Notice of Inspection is the procedure by which HSI initiates an audit of a business' employment records.

11. HSI requested **TENTLOGIX** to produce Form I-9s for all of its employees. Form I-9 is used for verifying the identity and employment authorization of individuals hired for employment in the United States. All United States employers must ensure proper completion of Form I-9 for each individual they hire for employment in the United States.

12. On April 26, 2016, **TENTLOGIX** provided HSI with Form I-9s for approximately 164 employees in response to the Notice of Inspection.

13. On July 19, 2016, based on a review of the Form I-9s that **TENTLOGIX** provided, HSI identified 96 **TENTLOGIX** employees who appeared to be aliens not authorized to work in the United States. HSI provided **TENTLOGIX** with a list of the 96 employees, and warned **TENTLOGIX** it could be subject to criminal charges if it continued to employ these aliens.

## COUNT 1
### Conspiracy to Conceal or Harbor Aliens for the Purpose of Commercial Advantage
### (8 U.S.C. § 1324(a)(1)(A)(v)(I))

14. Paragraphs 1 through 13 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

15. From in or around January 2016, continuing through in or around March 2018, in Saint Lucie and Martin Counties, in the Southern District of Florida, and elsewhere, the defendants,

**TENTLOGIX, INC.,
GARY HENDRY,
DENNIS BIRDSALL, and
KENT HUGHES,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to conceal, harbor, and shield from detection, and attempt to conceal, harbor, and shield from detection, in any place, including any building and any means of transportation, aliens who came

3

to, entered, and remained in the United States in violation of law, knowing and in reckless disregard of the fact such aliens came to, entered, and remained in the United States in violation of law, for the purpose of commercial advantage and private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(A)(v)(I).

## PURPOSE OF THE CONSPIRACY

16. The purpose of the conspiracy was for **TENTLOGIX, HENDRY, BIRDSALL, HUGHES,** and their co-conspirators to unlawfully enrich themselves by recruiting and employing a large number of aliens who were not authorized to work in the United States. To further that purpose, **TENTLOGIX, HENDRY, BIRDSALL, HUGHES,** and their co-conspirators concealed, harbored, and shielded the aliens who worked for **TENTLOGIX** from detection by law enforcement.

## MANNER AND MEANS OF THE CONSPIRACY

17. The manner and means by which **TENTLOGIX, HENDRY, BIRDSALL, HUGHES,** and their co-conspirators sought to accomplish the purpose and object of the conspiracy included, among other things, the following:

18. **TENTLOGIX, HENDRY,** and **BIRDSALL** employed aliens to work for **TENTLOGIX** from January 2016 through March 2018. **TENTLOGIX, HENDRY,** and **BIRDSALL** knew or recklessly disregarded the fact that many of the aliens they employed had entered and remained in the United States unlawfully, and were not authorized to work in the United States. During the course of the conspiracy, a large portion of **TENTLOGIX's** workforce in the Southern District of Florida was comprised of aliens who were not authorized to work in the United States.

19. In early 2017, **HENDRY, BIRDSALL,** and **HUGHES** devised a scheme to "transfer" the aliens employed by **TENTLOGIX** who were not authorized to work in the United States to KH Services, which was to be established by **HUGHES**, so that they no longer appeared on **TENTLOGIX's** payroll. The purpose of the scheme was to conceal, harbor, and shield the aliens who worked for **TENTLOGIX** from HSI's audit. **HENDRY** agreed to cover all of the costs associated with KH Services, and agreed to pay **HUGHES** a fee for each alien who was transferred from **TENTLOGIX's** payroll to KH Services' payroll.

20. **HENDRY** and **BIRDSALL** made GMC aware of the scheme and directed GMC to tell the aliens employed by **TENTLOGIX** to obtain new identities, including social security numbers. GMC was primarily responsible for recruiting the aliens who worked for **TENTLOGIX**, most of whom were from Guatemala.

21. **BIRDSALL** and **HENDRY** directed **TENTLOGIX's** attorney to falsely represent to HSI that **TENTLOGIX** was in the process of terminating the 96 employees HSI had identified during its audit as aliens not authorized to work in the United States.

22. In May 2017, the aliens employed by **TENTLOGIX** were transferred from **TENTLOGIX's** payroll to KH Services' payroll to conceal, harbor, and shield their true identities from HSI's audit.

23. **BIRDSALL** provided **HUGHES** with the hours worked and hourly rate for each alien on a bi-weekly basis based on timesheets he maintained at **TENTLOGIX**. **HUGHES** then transmitted this information to Paychex, Inc. ("Paychex"), a payroll services provider, so that paychecks drawn on KH Services' bank account at Wells Fargo were generated for the aliens who worked for **TENTLOGIX**.

24. **BIRDSALL** directed wire transfers to be sent from **TENTLOGIX's** bank account at Seacoast Bank to KH Services' bank account at Wells Fargo on a bi-weekly basis to cover the payroll expenses for the aliens who worked for **TENTLOGIX** but were purportedly employed by KH Services.

25. After the paychecks were issued, **BIRDSALL** obtained the paychecks from **HUGHES** and distributed them to the aliens at **TENTLOGIX's** headquarters in Fort Pierce.

## OVERT ACTS

26. In furtherance of the conspiracy and to effect the objects thereof, one or more of the conspirators committed and caused to be committed at least one of the following overt acts, among others, in the Southern District of Florida, and elsewhere:

27. In early 2017, **HENDRY, BIRDSALL,** and **HUGHES** met at **HENDRY's** residence in Martin County and devised a scheme to "transfer" the aliens employed by **TENTLOGIX** to KH Services so that they no longer appeared on **TENTLOGIX's** payroll.

28. On March 20, 2017, **HUGHES** formed KH Services for the purpose of concealing, harboring, and shielding the aliens employed by **TENTLOGIX** from HSI's audit.

29. In April 2017, **BIRDSALL** delivered a $10,000 check to **HUGHES** issued by **TENTLOGIX** and made out to KH Services.

30. On April 19, 2017, **HUGHES** opened an account at Wells Fargo in Martin County, Florida, in the name of KH Services and deposited the $10,000 check into that account.

31. In May 2017, most of the employees HSI had identified as aliens not authorized to work in the United States were transferred from **TENTLOGIX's** payroll to KH Services' payroll. These aliens continued to work for **TENTLOGIX** while purportedly being employed by KH Services.

32. On May 5, 2017, **TENTLOGIX**, through its attorney, falsely represented to HSI that 92 of the 96 employees identified by HSI during its audit had been terminated.

33. Between May 2017 and March 2018, **TENTLOGIX** transferred over $3,000,000 to KH Services in 23 separate wire transfers for the express purpose of paying the aliens who continued to work for **TENTLOGIX**, each wire transfer constituting a separate overt act. **BIRDSALL** directed the wire transfers to be sent from **TENTLOGIX**'s bank account at Seacoast Bank to KH Services' bank account at Wells Fargo on the following dates and in the following amounts:

|  | Date of Wire Transfer | Amount of Wire Transfer |
|---|---|---|
| a. | 05/18/17 | $131,521.50 |
| b. | 05/31/17 | $153,830.55 |
| c. | 06/15/17 | $154,588.44 |
| d. | 06/29/17 | $173,662.31 |
| e. | 07/13/17 | $139,384.51 |
| f. | 07/27/17 | $119,085.33 |
| g. | 08/10/17 | $118,174.47 |
| h. | 08/24/17 | $102,130.13 |
| i. | 09/07/17 | $127,422.97 |
| j. | 09/21/17 | $97,379.01 |
| k. | 10/05/17 | $177,094.72 |
| l. | 10/19/17 | $156,831.44 |
| m. | 11/03/17 | $115,944.17 |
| n. | 11/16/17 | $116,802.00 |
| o. | 11/30/17 | $122,499.79 |
| p. | 12/14/17 | $118,655.56 |
| q. | 12/28/17 | $134,378.60 |
| r. | 01/11/18 | $118,163.22 |
| s. | 01/30/18 | $112,445.66 |
| t. | 02/08/18 | $107,704.27 |
| u. | 02/22/18 | $151,898.84 |
| v. | 03/15/18 | $121,652.46 |
| w. | 03/22/18 | $162,696.48 |

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) and 1324(a)(1)(B)(i).

## COUNT 2
### False Statement to a Federal Agency
### (18 U.S.C. § 1001(a)(2))

On or about May 5, 2017, in the Southern District of Florida, and elsewhere, in a matter within the jurisdiction of the Department of Homeland Security, an agency of the executive branch of the Government of the United States, the defendants,

**GARY HENDRY and
DENNIS BIRDSALL,**

did knowingly and willfully cause a false, fictitious, and fraudulent statement and representation as to a material fact to be made, in that the defendants caused their attorney to represent to a Special Agent with Homeland Security Investigations, which is part of the Department of Homeland Security, that **TENTLOGIX** had terminated certain employees who were not authorized to work in the United States, when in truth and in fact, and as the defendants then and there well knew, those employees were still working for **TENTLOGIX**, in violation of Title 18, United States Code, Sections 1001(a)(2) and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of certain property in which one or more of the defendants, **TENTLOGIX, HENDRY, BIRDSALL,** and **HUGHES** have an interest.

2. Upon conviction of the offense alleged in Count One of this Indictment, **TENTLOGIX, HENDRY, BIRDSALL,** and **HUGHES** shall forfeit to the United States, pursuant to Title 8, United States Code, Section 1324(b), any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of such violation, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds.

8

       The property subject to forfeiture includes, but is not limited to:

       A money judgment in the amount of **$18,831,876.00**, in that such sum represents the amount of gross proceeds the defendants received from the offense alleged in Count One of this Indictment.

3. Upon conviction of the offense alleged in Count One of this Indictment, **TENTLOGIX, HENDRY, BIRDSALL,** and **HUGHES** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A), any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense; any property real or personal that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or any property real or personal that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

4. If any of the property described above, as a result of any act or omission of the defendants:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

_____
FOREPERSON

*Edward C. Nunn for*
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

MICHAEL D. PORTER
ASSISTANT UNITED STATES ATTORNEY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

TENTLOGIX, INC., ET AL.,

_____Defendant._____/

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
___ Miami        ___ Key West
___ FTL          ___ WPB    ✓ FTP

New defendant(s)           Yes ___   No ___
Number of new defendants   ___
Total number of counts     ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect  _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                          (Check only one)
   I    0 to 5 days        ✓                Petty     ___
   II   6 to 10 days       ___              Minor     ___
   III  11 to 20 days      ___              Misdem.   ___
   IV   21 to 60 days      ___              Felony    ✓
   V    61 days and over   ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?   Yes ___   No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   Yes ___   No ✓

_____
Michael D. Porter
ASSISTANT UNITED STATES ATTORNEY
Bar Number: 0031149

*Penalty Sheet(s) attached

REV 8/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA

v.

TENTLOGIX, INC., ET AL.,

        Defendant.
_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ___ Yes  ✓ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?  ___ Yes  ✓ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
MICHAEL PORTER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.   0031149
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Tel:   772-466-0899
Fax:   772-466-1020
Email:   michael.porter2@usdoj.gov

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO.

**Defendant's Name:  GARY HENDRY**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy to Harbor Aliens for the Purpose of Commercial Advantage | 8 U.S.C. § 1324(a)(1)(A)(v)(I) | Up to 10 years; The greatest of $250,000 or twice the loss or twice the gain caused by the offense; SR: up to 3 years; $100 Special Assessment |
| 2 | False Statement to a Federal Agency | 18 U.S.C. § 1001(a)(2) | Up to 5 years; The greatest of $250,000 or twice the loss or twice the gain caused by the offense; SR: up to 3 years; $100 Special Assessment |
|   |   |   |   |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**PENALTY SHEET**

CASE NO.

Defendant's Name: **DENNIS BIRDSALL**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy to Harbor Aliens for the Purpose of Commercial Advantage | 8 U.S.C. § 1324(a)(1)(A)(v)(I) | Up to 10 years; The greatest of $250,000 or twice the loss or twice the gain caused by the offense; SR: up to 3 years; $100 Special Assessment |
| 2 | False Statement to a Federal Agency | 18 U.S.C. § 1001(a)(2) | Up to 5 years; The greatest of $250,000 or twice the loss or twice the gain caused by the offense; SR: up to 3 years; $100 Special Assessment |
|  |  |  |  |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

CASE NO.

**Defendant's Name:** KENT HUGHES

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Conspiracy to Harbor Aliens for the Purpose of Commercial Advantage | 8 U.S.C. § 1324(a)(1)(A)(v)(I) | Up to 10 years; The greatest of $250,000 or twice the loss or twice the gain caused by the offense; SR: up to 3 years; $100 Special Assessment |
| | | | |
| | | | |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

### CASE NO.

**Defendant's Name:** TENTLOGIX, INC.

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|-------|-----------|-----------|--------------|
| 1 | Conspiracy to Harbor Aliens for the Purpose of Commercial Advantage | 8 U.S.C. § 1324(a)(1)(A)(v)(I) | The greatest of $500,000 or twice the loss or twice the gain caused by the offense; $400 Special Assessment |
|   |           |           |              |
|   |           |           |              |